UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE SEMENCHUK, | ) | Case No.: 1:09 CV 2018 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MAGGIE BRANDSHAW, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Petitioner George Semenchuk, ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to § 2254 ("Petition") (ECF No. 1.) For the following reasons, the court denies Petitioner's Petition.

**I. FACTUAL AND PROCEDURAL HISTORY**

On October 15, 2007, a jury convicted Petitioner of one count of driving while under the influence (DUI), with a specification for having had a prior conviction. (ECF No. 8.) The trial court sentenced Petitioner to five years of incarceration, a $10,000 fine, a lifetime driver's license suspension, and a term of three years post-release control. *Id*. Petitioner appealed his conviction. *Id*. On February 23, 2009, the Court of Appeals for Cuyahoga County affirmed the trial court's judgment. *Id*. Petitioner then sought to appeal this decision to the Ohio Supreme Court. *Id*. On June 17, 2009, the Ohio Supreme Court denied Petitioner's motion for leave to appeal. *Id*. On August 28, 2009, Petitioner, through counsel, filed this habeas petition which enumerated seven grounds for relief:

**Ground One:** Denial of Due Process of Law
**Supporting Facts:** Petitioner was denied due process of law as Petitioner was not tried within applicable speedy trial time. The trial court and the Court of Appeals failed to consider that offenses. These criminal offenses remained pending even though he was later indicted and his right to a speedy trial was therefore denied. These grounds were ignored by the trial court and the Court of Appeals resulting in a denial of due process of law.

**Ground Two:** Fourth and Fourteenth Amendment
**Supporting Facts:** Petitioner was denied due process of law when his motion to suppress, his arrest and seizure was unconstitutional where the arresting officer stated that Petitioner has committed no offense.

**Ground Three:** Sixth Amendment
**Supporting Facts:** Petitioner was denied a fair and impartial jury when the court overruled a motion to discharge a juror who was related to an assistant Cuyahoga prosecuting attorney.

**Ground Four:** Fifth and Sixth Amendment
**Supporting Facts:** Petitioner was denied his constitutional rights when his refusal to take a test violated his rights as he was informed that he need not speak to the officer and invoked his Miranda rights.

**Ground Five:** Fourteenth Amendment
**Supporting Facts:** Petitioner was denied due process of law when the court instructed the trial jury that they could draw an adverse inference from Petitioner's refusal to submit to a test after Petitioner had been advised of his constitutional rights under the Fifth Amendment to not speak or answer questions.

**Ground Six:** Fourteenth Amendment
**Supporting Facts:** Petitioner was denied due process of law when his motion for judgment of acquittal was denied and that he was allowed to be convicted for a non-offense which enhanced the degree of the offense which consisted of an invalid prior conviction.

**Ground Seven:** Eighth and Fourteenth Amendment
**Supporting Facts:** Petitioner was sentenced to a maximum term of imprisonment. The sentencing judge based his maximum sentence on the fact that Petitioner had invoked his constitutional right to refuse to submit to a chemical test or tests. Moreover, the evidence showed that Petitioner was addicted to alcohol and that he was subjected to

> a cruel and unusual punishment based upon his addition to alcohol. The trial court also violated Petitioner's Sixth Amendment right when the court sentenced Petitioner to a maximum term of imprisonment based on impermissible judicial factfinding.

(ECF No. 1.)

On November 23, 2009, Maggie Bradshaw, the warden and respondent in this case ("Respondent"), filed her Answer/Return of Writ, denying each of the allegations made by the Petitioner. (ECF No. 6.) On April 30, 2010, Magistrate Judge David S. Perelman rendered his Report and Recommendation, recommending that the Writ be dismissed without further proceedings (ECF No. 8.) On June 11, 2010, Petitioner filed his Objection to the Report and Recommendation. (ECF No. 10.) For the following reasons, the court denies Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.

## II. STANDARD OF REVIEW

28 U.S.C. §2254(d)(1) provides that a writ of habeas corpus cannot be issued unless a state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Thus, a federal court may grant a writ of habeas corpus in two instances: first, if a state court renders a decision that is contrary to federal law clearly established by the Supreme Court; and second, if the state decision utilizes the governing federal law but applies the law in an unreasonable manner. *William v. Taylor*, 529 U.S. 362, 405-406 (2000). In the second instance, the state court's application of federal law must be "objectively unreasonable," not just incorrect. *Id*. at 409-411.

Under Federal Rule of Civil Procedure 72, a district court must determine *de novo* any part of the magistrate judge's disposition that has been properly and timely objected to. A party has properly objected to the magistrate judge's disposition if the party files specific written

objections to proposed findings within 14 days of being served with a copy of the recommended disposition. *Id*. at 72(b) and (c). Here, Petitioner has timely filed his Objections.

### III. LEGAL ANALYSIS

After a *de novo* review of the Report and Recommendation, Petitioner's Objections, and all other relevant documents in the record, the court adopts Magistrate Judge Perelman's recommendations in its entirety. (ECF No. 8, adopting recommendations pertaining to Grounds One, Two, Three, Four, Five, Six, and Seven.) In addition, the court will further address the legal analysis concerning Ground One, that Petitioner was denied due process of law because he was not tried within the applicable speedy trial timeframe

Petitioner contends that he was not tried within the applicable speedy trial timeframe and that the state trial court and court of appeals incorrectly considered the date of his July 20, 2007 arrest as the start of his speedy trial guarantee. For the reasons that follow, the court denies Petitioner's claim on this ground.

The Sixth Amendment to the Federal Constitution secures the right to a speedy trial to a criminal defendant. U.S. Const. VI. The Amendment ensures this right to only those individuals accused of a crime and only at the start of a criminal prosecution for that crime. *United States v. Marion*, 404 U.S. 307, 313 (1971)("[T]he protection of the Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been "accused" in the course of that prosecution."); *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). An indictment against a defendant will trigger the right to a speedy trial. *Id*. at 652 (stating that the eight year and six month lag between the defendant's indictment and arrest triggered the speedy trial right analysis). The right attaches pre-indictment only if a defendant is incarcerated or his

liberty is substantially impaired by government restraints. *United States v. Loud Hawk*, 474 U.S. 302, 310-311 (1986)("The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail . . ." (internal quotations omitted)). Thus, "it is either a formal indictment . . . or the actual restraints imposed by arrests . . . that engage the particular protections of the speedy trial provision." *Marion*, 404 U.S. at 322.

The state court determined that neither the Petitioner's Sixth Amendment rights nor his rights under state law had been violated. (ECF No. 8.) The court reasoned:

> . . . The standard of review that appellate courts apply to speedy trial issues is to count days as set forth in R.C. 2954.71. . . .
>
> Trial must be held within 270 days of an arrest in order to effectuate a speedy trial. [See R.C. 2945.71(C)(2)]. However, pursuant to R.C. 2945.71(E) each day spent in jail "on a pending charge" acts as three days toward speedy trial time, those 90 days time in jail would equate to 270 days using the triple-count provision.
>
> In the instant case, the record indicates that . . . police officers arrested [Petitioner] on August 12, 2006, and transported him to. . . jail. . . . The following day, [Petitioner] was released from jail without the Bedford Court setting a bond.
>
> After [Petitioner] was indicted on December, 20, 2006, he was summoned . . . . On January 5, 2007, [Petitioner] failed to appear for his arraignment . . . .
>
> On July 20, 2007, [Petitioner] was arrested. . . [and] arraigned on July 24, 2007, and the trial court set [Petitioner's] bond . . . . [Petitioner] did not post bond and remained in jail until trial began on October 11, 2007.
>
> . . .
>
> We have previously held that the speedy trial provisions of R.C. 2945.71 do not apply until a defendant is arrested for the particular offense from which he seeks discharge. . . .

> Upon review, the calculation relating to [Petitioner's] right to a speedy trial did not begun (sic) to run until he was arrested on July 20, 2007. . . .
>
> . . .
>
> Consequently, [Petitioner] had to be brought to trial 90 days from July 21, 2007, or by October 18, 2007. Since [Petitioner] was brought to trial on October 11, 2007, his right to a speedy trial was not violated. . . .

Magistrate Judge Perelman denied Petitioner's claim, reasoning that the state court decision is not contrary to, or involve an unreasonable application of, clearly established federal law. Further, he determined that the state court decision is not based upon an unreasonable determination of the facts in light of the evidence presented. (ECF No. 8.)

In his Objections, Petitioner argued that the state court erred in selecting the July 20, 2007 arrest as the date that triggered his speedy trial right. Instead, Petitioner contends that the correct date is the date of his first arrest on August 12, 2006 . (ECF No. 10.)

This court agrees with Magistrate Judge Perelman that the state's decision cannot support Petitioner's habeas claim. The state court's application of Ohio law R.C. § 2945.71(C)(2) is not contrary to U.S. Supreme Court precedent. The right to a speedy trial protects an individual from the substantial impairments on liberty experienced during a lengthy detention or release on bail. *Loud Hawk*, 474 U.S. at 310-311. Petitioner's August 2006 arrest did not lead to a lengthy detention or release on bail. Petitioner was released from jail the next day without the court setting bond. (ECF No. 8.) Petitioner's July 2007 arrest lead to his imprisonment up to his October 11, 2007 trial date. *Id*.   Thus, the state court's selection of Petitioner's July 2007 arrest date was not objectively unreasonable given the minimal amount of time Petitioner spent in detention regarding his August 2006 arrest. Regardless of whether Petitioner was detained in violation of state law,

his detention under the circumstances of this case does not violate clearly-established federal law, nor is it an unreasonable application of such law where he was brought to trial less than three months after he was arrested and arraigned on the charges for which he was indicted.

### IV. CONCLUSION

Accordingly, the court adopts Magistrate Judge Perelman's Report and Recommendation (ECF No. 8). Petitioner's Writ is denied, and final judgment is entered in favor of the Respondent. The court further certifies that, pursuant to 28 U.S.C. §1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 28, 2011